UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COREY MATTHEW CAMPANA,<br><br>                    Plaintiff,<br><br>     v.<br><br>ADAM ZEHR,<br><br>                    Defendant. | 3:15-cv-00192-MMD-WGC |

Plaintiff has filed an application to proceed in forma pauperis (Doc. # 1)[1] and proposed pro se complaint (Doc. # 1-1).

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person, who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed *in forma pauperis*. The application shall be made on the form provided by the Court and shall include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be

---

[1] Refers to court's docket number.

absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

> When a prisoner seeks to proceed without prepaying the filing fee:
> [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2).

Plaintiff failed to include a certified copy of his trust fund account statement. Plaintiff shall have **THIRTY DAYS** from the date of this Order to submit a certified copy of his prison trust fund account statement for the past six months. At that time the court will consider Plaintiff's application and will screen his pro se complaint pursuant to 28 U.S.C. § 1915A. Should Plaintiff fail to file the prison account statement within the time period stated above, his case may be dismissed.

**IT IS SO ORDERED**.

June 19, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

- 2 -