UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COREY MATTHEW CAMPANA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ADAM ZEHR,<br><br>　　　　　　　　　　　　Defendant. | 3:15-cv-00192-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's application to proceed in forma pauperis (Doc. # 12)[1] and pro se complaint (Doc. # 1-1).

## I. APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff originally submitted his application to proceed in forma pauperis and pro se complaint on April 2, 2015 (Docs. # 1, #1-1); however, Plaintiff failed to submit a certified copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2). On June 19, 2015, the court ordered Plaintiff to submit a certified copy of the prison trust account statement within thirty days. (Doc. # 9.) On July 13, 2015, Plaintiff sought an extension of sixty days to submit his completed application, citing the fact that he was at High Desert State Prison for medical reasons and was not able to access the proper forms until he returned to Ely State Prison. (Doc. # 10.)The court granted the motion, giving Plaintiff up to and including September 15, 2014 to file his prison trust account statement. (Doc. # 11.) On August 3, 2015, Plaintiff submitted another

---

[1] Refers to court's docket number.

application to proceed in forma pauperis, including a certification of his prison trust account balance for the past six months. (Doc. # 12.)

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person, who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed *in forma pauperis*. The application shall be made on the form provided by the Court and shall include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

> When a prisoner seeks to proceed without prepaying the filing fee:
> [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2).Notwithstanding the foregoing:

> [I]f a prisoner brings a civil action...in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward

payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months is $6.62. (Doc. # 12 at 4.) His average monthly deposits were $110.83. (*Id.*)

Plaintiff's application to proceed in forma pauperis should be granted; however, pursuant to pursuant to 28 U.S.C. § 1915(b), he should still be required to pay the full amount of the filing fee over time. Within thirty days of the date of an order adopting and accepting this report and recommendation, Plaintiff should be required to pay an initial partial filing fee of $22.17. Thereafter, Plaintiff should be required to make monthly payments of twenty percent of the preceding month's income credited to his account to be forwarded by the agency having custody over Plaintiff to the Clerk of this court each time the amount in Plaintiff's account exceeds $10 until the filing fee is paid.

## **II. SCREENING**

28 U.S.C. § 1915A requires that the court "review, before docketing, if feasible, or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "[T]he court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff asserts a single claim for violation of his Fourth Amendment rights related to the traffic stop that lead to his arrest and incarceration.

He says that defendant Officer Zehr pulled him over for exceeding the speed limit and during the stop he leaned into the passenger side of the vehicle Plaintiff was driving and claimed to detect the odor of marijuana. Plaintiff avers that this was an unlawful search, and it led to his arrest, violation of his constitutional rights, extreme anxiety, loss of custody of his four-year-old

1  daughter, mental and emotional anguish. He contends that further proceedings terminated in
2  Plaintiff's favor and the whole case is set to be dismissed.
3        Plaintiff attaches the transcript from his preliminary hearing. Officer Zehr was asked
4  whether he remembered writing in the affidavit supporting his application for a warrant that he
5  leaned into the passenger side window of the vehicle, and he responded that he recalled seeing
6  that in the affidavit. He later testified that he did not believe he actually stuck any part of his
7  body in the vehicle other than his arms, and that he probably wrote that he leaned into the
8  window in his affidavit because he meant that he leaned in towards the window. (Doc. # 1-1 at 9-
9  11.) In addition, he includes the motion to suppress filed by his public defender, which sought to
10  suppress evidence obtained by law enforcement after the officer, without a warrant or probable
11  cause, entered the vehicle Plaintiff was driving, to conduct a "sniff test, leading to his arrest and
12  a being charged with possession of and transporting a controlled substance. (Doc. # 1-1 at 12-
13  The motion to suppress represents that there was a video of the traffic stop, which Plaintiff
14  contends showed Officer Zehr sticking his head into the vehicle. Plaintiff does not provide the
15  disposition of the motion to suppress, or of the underlying criminal case.
16        To the extent Plaintiff is challenging the fact of his arrest and subsequent incarceration,
17  so as to render a conviction or sentence invalid, his claim is barred. *Heck v. Humphrey*, 512 U.S.
18  477, 487 (1994) ("in order to recover damages for allegedly unconstitutional conviction or
19  imprisonment, or for other harm caused by actions whose unlawfulness would render a
20  conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has
21  been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal
22  authorized to make such determination, or called into question by a federal court's issuance of a
23  writ of habeas corpus, 28 U.S.C. § 2254."). "[W]hen a state prisoner seeks damages in a § 1983
24  suit, the district court must consider whether a judgment in favor of the plaintiff would
25  necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be
26  dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been
27  invalidated." *Id*. "[I]f the district court determines that the plaintiff's action, even if successful,
28  will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the

action should be allowed to proceed, in the absence of some other bar to the suit." *Id*. (emphasis original).

Plaintiff does not indicate the disposition of the motion to suppress, and while he states that the whole case is "set" to be dismissed with prejudice, he does not include an allegation that the case has in fact been dismissed. Therefore, this action should be dismissed and the case closed; however, the dismissal of the action is without prejudice so that Plaintiff may renew it in the event he succeeds in invalidating his conviction. *Belanus v. Clark*, --- F.3d ---, 2015 WL 4636974, at * 2 (9th Cir. Aug. 5, 2015) (citing *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995)).

The court must now address Plaintiff's complaint to determine whether the constitutional violation alleged-the unreasonable search-would necessarily imply the invalidity of his conviction.

> The Supreme Court noted in *Heck*
> A suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful.

*Heck*, 512 U.S. at 487 n. 7 (citations omitted). In *Harvey v. Waldron*, the Ninth Circuit found that "a § 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned." *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000). This "avoid[s] the potential for inconsistent determinations on the legality of a search and seizure in the civil and criminal cases and will therefore fulfill the *Heck* court's objectives of preserving consistency and finality, and preventing 'a collateral attack on [a] conviction through the vehicle of a civil suit." *Id*. (citing *Heck*, 512 U.S. at 484-85). Therefore, Plaintiff's action should still be dismissed without prejudice, even if his allegations do not necessarily imply the invalidity of his incarceration.

///

///

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

(1) **GRANTING** Plaintiff's application to proceed in forma pauperis (Doc. # 12); however, pursuant to pursuant to 28 U.S.C. § 1915(b), he is still required to pay the full amount of the filing fee over time. Within thirty days of the date of any order adopting and accepting this report and recommendation, Plaintiff should be required to pay an initial partial filing fee of $22.17. Thereafter, Plaintiff should be required to make monthly payments of twenty percent of the preceding month's income credited to his account to be forwarded by the agency having custody over Plaintiff to the Clerk of this court each time the amount in Plaintiff's account exceeds $10 until the filing fee is paid.

(2) The Clerk should be directed to **FILE** the Complaint (Doc. # 1-1);

(3) The action should be **DISMISSED WITHOUT PREJUDICE**.

    Plaintiff should be aware of the following:

    1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

    2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: August 21, 2015.

                                        _William G. Cobb_____
                                        WILLIAM G. COBB
                                        UNITED STATES MAGISTRATE JUDGE