UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| COREY MATTHEW CAMPANA, | Case No. 3:15-cv-00192-MMD-WGC |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| ADAM ZEHR, | |
| Defendant. | |

Before the court are Plaintiff's Motion to Compel Discovery and Motion for Enlargement of Time. (Electronic Case Filing (ECF) Nos. 31, 32.)

Defendant has filed a motion for judgment on the pleadings and supporting exhibits. (ECF Nos. 28, 29.) The exhibits include, *inter alia*, a dash camera video. (*See* ECF No. 29 at 1; ECF No. 29-1.)

In his motion to compel, Plaintiff asserts that despite sending a request, he has not been able to view the video so that he can draft a meaningful response to Defendant's motion. (ECF No. 31 at 1-2.) As a result, he also seeks a forty-five day extension of time to respond to Defendant's motion for judgment on the pleadings. (ECF No. 32.)

Plaintiff's motions (ECF Nos. 31, 32) are **GRANTED IN PART**. Defense counsel is directed to ensure that Plaintiff is afforded a reasonable opportunity to review the video within **TEN DAYS** of the date of this Order. Defendant shall file a **notice** advising the court that Plaintiff has been afforded this opportunity. Plaintiff will have **THIRTY DAYS** from the date Defendant files the notice to file and serve his response to Defendant's motion for judgment on the pleadings. Defendant will then have **FOURTEEN** days from the date Plaintiff files his response to file and serve a reply brief.

Finally, Plaintiff is advised that Defendant has filed a motion for judgment on the pleadings. This is one type of dispositive motion, as it may terminate some portion or the entire lawsuit, if granted. As a result, Plaintiff is being given notice pursuant to the requirements of *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

Pursuant to Federal Rule of Civil Procedure 12(d), if a motion for judgment on the pleadings filed under Federal Rule of Civil Procedure 12(c), presents matters outside the pleadings that are not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Plaintiff is advised that because Defendant has submitted evidence outside of the pleadings in support of his motion, that the court may treat it as a motion for summary judgment.

A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Federal Rule of Civil Procedure 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact−that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in the form of admissible evidence (such as affidavits, declarations, depositions, answers to interrogatories, or properly authenticated documents as provided in Rule 56(c)), that contradict the facts shown in the defendant's declarations and documents and show there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Rule 56-1 of the Local Rules for the United States District Court for the District of Nevada also requires that you file with your opposition to a motion for summary judgment a

statement of facts which you contend are or are not genuinely in issue in this summary judgment procedure. If you are opposing a summary judgment motion, you should review the opposing party's Local Rule 56-1 statement of facts not genuinely in issue, and you should set forth in writing those facts (supported by specific citation to evidence in the record which you have attached to your motion or statement) which contradict the claims of the opposing party. In other words, you must provide the court a statement of facts supported by attached admissible evidence that demonstrates that the opposing party is not entitled to summary judgment against you.

**IT IS SO ORDERED**.

Dated: April 5, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE